IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FREDERICK M. SHEA,                    :
                                      :
            Plaintiff(s)              :
                                      :    Case Number: 1:02cv149
      vs.                             :
                                      :    District Judge Susan J. Dlott
USDC - OHIO, et al,                   :
                                      :
            Defendant(s)              :

ORDER

On May 4, 2005, the Court ordered plaintiff to show cause, in writing, why he has not

violated Federal Rule of Civil Procedure 11(b) and why sanctions should not be imposed against

him for his filing of two new motions for extortion (Docs. 16 and 17). This matter is before the

Court on plaintiff's response to the Court's show cause order (Doc. 20).

For the reasons that follow, the Court shall impose sanctions against plaintiff pursuant to

Rule 11 and shall order that plaintiff be prohibited from filing any further motions or papers in

this case, except for a notice of appeal to the Sixth Circuit Court of Appeals if he wishes to

obtain review of the Orders of this Court, unless such motions or papers are first certified as

nonfrivolous by an attorney.

Pursuant to Fed.R.Civ.P. 11(a), a pro se litigant must sign every pleading, written motion,

and other paper submitted to the Court for filing. Such signature constitutes a certificate by the

pro se litigant that "to the best of [his] knowledge, information, and belief, formed after an

inquiry reasonable under the circumstances," such pleading, motion or paper "is not being

presented for any improper purpose, such as to harass or to cause unnecessary delay or needless

increase in the cost of litigation" and "the claims, defenses, and other legal contentions therein

are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed.R.Civ.P. 11(b)(1), (2). The Court may impose appropriate sanctions against a pro se litigant for his violation of Rule 11. *See Business Guidelines, Inc. v. Chromatic Communications Enterprises, Inc.,* 498 U.S. 533, 548 (1991) (Rule 11 "speaks of attorneys and parties in a single breath and applies to them a single standard."); *Spurlock v. Demby*, 48 F.3d 1219 (6th Cir. 1995)(unpublished). 1995 W.L. 89003 at *2 (Rule 11 does not provide a different standard for attorneys and non-attorneys). *See also Doyle v. United States,* 817 F.2d 1235 (5th Cir.), *cert. denied*, 484 U.S. 854 (1987).

In determining the propriety of Rule 11 sanctions, the Court should consider the party's ability to pay, the degree of bad faith or want of diligence, the costs resulting from the party's inappropriate conduct, mitigating conduct, if any, and that amount necessary and effective to bring about deterrence under all the particular circumstances. *Orlett v Cincinnati Microwave, Inc.,* 954 F.2d 414, 419-20 (6th Cir. 1992). Deterrence is the paramount objective of Rule 11. *Id.*

Assessing these factors, the Court finds the degree of bad faith on the part of the plaintiff to be significant. This Court dismissed plaintiff's petition for writ of habeas corpus without prejudice to refiling a petition that complies with the rules of 18 U.S.C. §2254. The plaintiff did not either appeal the decision of this court or refile his petition. Almost two years after the judgment in this case, the plaintiff began filing numerous post-judgment motions that are frivolous, nonsensical, and not based on a plausible view of the law. Plaintiff's response to the Court's show cause order is likewise virtually unintelligible. The response fails to set forth any rational justification for his repeated filing of frivolous post-judgment motions. Plaintiff's complete disregard of the Court's orders demonstrates his bad faith in this matter.

In addition, the cost of plaintiff's actions to the Court in this and its other cases is high.

Plaintiff's post-judgment motions raise matters unrelated to the original basis for this suit. His motions are for the most part incomprehensible, unintelligible, or impertinent. The sheer number of plaintiff's frivolous post-judgment motions has wasted this Court's limited resources, delayed the Court's resolution of other cases, and deprived other litigant's claims the prompt attention to which they are entitled. Plaintiff's persistence in filing frivolous post-judgment motions, even after the Court's repeated Orders to the contrary in this and other cases[1], has caused an unnecessary drain on this Court's resources and constitutes an abuse of the judicial process.

The plaintiff is actually wasting more than just this Court's resources. This case was originally filed in the Northern District of California at San Francisco and transferred to this court. Despite the fact that this case was transferred here and that the plaintiff lives in this district, he has submitted each of his filings to the Northern District of California at San Francisco. They must then send the pleadings to this Court for review.

Rule 11 authorizes sanction of a nonmonetary nature. *Kratage v. Charter Township of Commerce*, 926 F. Supp 102, 105 (E.D. Mich. 1996). Courts have restricted pro se litigants from filing further pro se actions without a certificate from the Court or an attorney that the claims asserted are not frivolous and that the suit is not brought for any improper purpose. *See Ortman v Thomas*, 99 F.3d 807, 811 (6th Cir. 1992); *Sawchyn v Parma Municipal Court*, 114 F.3d 1188 (6th Cir.. 1997)(unpublished), 1997 W.L. 321112. The Court finds that a similar sanction is appropriate in this case "to deter repetition of such conduct" by plaintiff. Fed.R.Civ.P. 11(c)(2).

IT IS HEREBY ORDERED that plaintiff is prohibited from filing any further motions or papers in this case, unless such motion or papers are first certified as non-frivolous by an

---

[1] *See Shea v. State of Ohio*, Case No. 1:96cv581 (S.D. Ohio Oct. 30, 1998)(Doc. 110)(Weber, J.) and *Shea v State Farm Insurance Co., et al*, Case Nol 1:99cv180 (S.D. Ohio Nov. 7, 2001)(Doc. 48)(Beckwith, J.).

attorney. The Clerk of the Court is specifically DIRECTED not to accept any motions or papers presented by plaintiff in this action unless such motions or papers are first certified as non-frivolous by an attorney. This Order shall not apply to any notices of appeal to the Sixth Circuit Court of Appeals plaintiff wishes to file to obtain review of the Orders of this Court. This order is not intended to place any limitation upon plaintiff's ability to pursue litigation in the United States District Court or in the courts of any state except in the particular action now before the Court. This Order shall not prohibit plaintiff from filing in this Court any new lawsuits which may have a legitimate basis and which comply with Fed.R.Civ.P. 11(b) after payment of the appropriate filing fee.

The Clerk of this Court is further directed to send a certified copy of this order to the Northern District of California at San Francisco for placement in their case, numbered C-02-00451PJH(PR).

IT IS SO ORDERED.


_____s/Susan J. Dlott_____
Susan J. Dlott
United States District Judge